THE STATE, THOMAS B. KILBURN, PROSECUTOR, v. THE ESSEX PUBLIC ROAD BOARD.

The act, under which the assessors were appointed, (*Laws*, 1870, *pp.* 181, 714,) requires the benefits to be assessed upon all the property benefited by the road in proportion to the benefits received. The return certifies that they adjudged that the lands, in their report mentioned, were peculiarly benefited to the extent of the aggregate of the sums assessed as damages, and they assessed the same upon the specified lots in proportion to the benefits received. The return *held* to be defective, because the assessors do not certify that they assessed all the lands benefited.

On *certiorari*.

Argued at June Term, 1874, before Justices DALRIMPLE, DEPUE and VAN SYCKEL.

For the plaintiff, *Hill.*

For the defendant, *John W. Taylor.*

The opinion of the court was delivered by

VAN SYCKEL, J. This *certiorari* is prosecuted to set aside an assessment of $1488 upon lands of the relator, on the line of South Orange avenue, in the county of Essex, for benefits adjudged to have been received by his lands, in consequence of the widening and improvement of that avenue.

The act constituting a public road board for the county of Essex, and the supplement thereto, (*Laws,* 1870, *pp.* 181, 714,) provide that the assessors, thereby authorized to be appointed, shall proceed to consider and determine what lands in the township, in which the road is laid, are peculiarly benefited by the laying out of the road, and the amount that each lot or parcel is so benefited, and shall assess the same in proportion to the benefit received.

The duty thus imposed upon the assessors is—

1. To consider and determine what lands in the township are peculiarly benefited ;

2. To determine the extent to which each lot is benefited ;

3. To assess the same upon all the property benefited in proportion to the benefit received ;

4. To report the result of their work.

The report of the assessors must show that they have literally and fully performed this branch of their duty.

The report certifies that they proceeded to consider what lands in the township of South Orange are peculiarly benefited, and the amount that each lot is benefited, and that they adjudged and determined that the lots of land, in their report mentioned, were peculiarly benefited to the extent of the aggregate of the sums assessed as damages for lands taken for said avenue, and they assessed the same upon the specified lots in proportion to the peculiar benefit received, as justly and equitably as might be after hearing the parties who appeared before them.

It has been adjudged in this court that, if bodies of this character, exercising a special statutory power, fail to certify affirmatively that they have done any act required of them by law, the presumption will be that they have not done it. *State* v. *Lippincott*, 1 *Dutcher* 434; *State* v. *Yauger*, 5 *Dutcher* 384.

*The State, Abrey, prosecutor*, v. *Cannon*, 4 *Vroom* 218, is in point and must rule this case.

There the act required that the surveyors should assess the damages as equitably as might be upon the owners of land in the neighborhood of the road which, in their opinion, would be benefited thereby, as nearly as could be, in proportion to the benefits received. By their return the surveyors certified that, in their opinion, the lands owned by the persons therein named would be benefited to the amount respectively assessed against them. Justice Vredenburgh set aside the return because it did not certify that those were all the lands benefited by the road.

The same defect appears in the return now in question.

The assessors say that they adjudge that the lots mentioned are peculiarly benefited to the extent of the sum assessed for damages, but whether these are all the lands benefited is not stated. Their certificate may be true, and yet some land owners, who in their judgment should have shared the burden, have escaped it altogether. It is necessary for the protection of the public that the strictness of the rule which has been applied to these cases shall not be relaxed.

In my opinion the assessment should be set aside.

Justices DALRIMPLE and DEPUE concurred.